ROBERTS et al. v. ROBERTS et al.

(Supreme Court, Appellate Division, Fourth Department.   November 17, 1909.)

MINES AND MINERALS (§ 70*)—LEASES—CONSTRUCTION—RENT.

In a lease for mining mica, the lessees agreed to pay a certain royalty on condition that the minimum rental should "not be less than $200 for the first year, beginning three months from date" (September 11, 1907), with an increase in the minimum rental for subsequent years, and "to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

make such first payment on December 11, 1907, and payments hereunder at the expiration of each month thereafter." *Held*, that the $200 matured at the end of the first year, and not on December 11, 1907, as the "first payment," and hence a suit for the amount, brought in April, 1908, was premature, though no mica was mined.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 70.*]

McLennan, P. J., and Robson, J., dissenting.

Appeal from Trial Term, Jefferson County.

Action by George W. Roberts and another against Alonzo L. Roberts and others. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Thomas Burns, for appellants.

John B. Rogers, for respondents.

SPRING, J. The plaintiffs owned land in the county of Jefferson containing mica, which they desired mined. On the 11th day of September, 1907, they leased and granted to the defendants these premises for the term of ten years, for the purposes of mining and operating for mica. The instrument contained the following provision:

"In consideration hereof, the said parties of the second part promise and agree to pay to the said parties of the first part, for each and every ton of mica taken from said premises, the sum of ten (10) per cent. of the market price or value thereof at the dump. * * * And it is further agreed that this lease is made upon the condition that the minimum price to be paid to the parties of the first part by the second parties shall not be less than two hundred dollars ($200) for the first year, beginning three months from the date hereof, and five hundred dollars ($500) for the second year thereafter, and seven hundred dollars ($700) for each and every year thereafter. And said second parties further agree to make such first payment on the 11th day of December, 1907, and the payments hereunder at the expiration of each and every month thereafter."

The instrument further provided that the lessors were to have the privilege at any time of examining the books of the lessees, and copies of the waybills for the freight shipped and of the invoices were also to be furnished them. In April, 1908, the plaintiffs commenced this action at law to recover the sum of $200, claiming that such sum constituted the first payment and matured on the 11th day of December, 1907. The defendants contend that it had not matured when the action was commenced, and I think that contention is correct.

While the construction of the agreement is not free from doubt, it seems to me that the $200 had not matured when the action was commenced in April, 1908. The rental for the lease was to be 10 per cent. of the market price or value of every ton of mica mined. In order that the lessees should be certain of receiving some compensation for the lease of their lands, it was agreed that they should be paid for the first year, and which was to commence three months from the date of the lease, not less than $200, and the minimum sum was increased in the subsequent years. By the terms of the lease, as I construe it, the lessees were to commence paying the 10 per cent. on the

11th day of December, 1907, and which had already been designated as the time when the first year was to commence, so far as payments were concerned. After the first payment, the 10 per cent. was to be paid at the expiration of each and every month thereafter, and if, at the end of the year, the $200 minimum price had not been paid, whatever deficiency there was should be due. It seems to me that this gives a fair construction to the entire instrument. The keynote of the obligations assumed by the lessees is to pay 10 per cent. of the mica mined, which is to be paid in monthly payments, the first of which is to become due on the 11th of December, 1907. If for any reason the 10 per cent. fails to reach the sum of $200 for the first year, then the deficiency is to be paid to the lessors; but this deficiency cannot be ascertained until the end of the paying year.

It is evident that the parties anticipated a large revenue from the mica. The 10 per cent. of the value of this product was expected to be the compensation to the plaintiffs, and the fixed payments, or any part of them, were not to be paid until the necessity for so doing was determined at the end of the year. It is said that no mica has been mined. The action was commenced in April, 1908, and the defendants had several months in which they might realize from the mining the $200 of rent, which they were certainly obliged to pay. The judgment should be reversed, with costs.

Judgment reversed, and a new trial granted, with costs to the appellants to abide event. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent in an opinion by McLENNAN, P. J.

McLENNAN, P. J. (dissenting). The facts are not in dispute. On the 11th day of September, 1907, by an instrument in writing, the defendants leased from the plaintiffs certain lands in the county of Jefferson for the purpose of mining mica thereon. The term of such lease was 10 years, and expired on the 11th day of September, 1917. By its terms the parties of the second part "promise and agree to pay to the said parties of the first part, for each and every ton of mica taken from said premises, the sum of ten (10) per cent. of the market price or value thereof at the dump." It further provides as follows:

"And it is further agreed, and this lease is made upon the condition, that the minimum price to be paid to the parties of the first part by the second parties shall not be less than two hundred dollars ($200) for the first year, beginning three months from the date hereof, and five hundred dollars ($500) for the second year thereafter, and seven hundred dollars ($700) for each and every year thereafter. And said second parties further agree to make such first payment on the 11th day of December, 1907, and the payments hereunder at the expiration of each and every month thereafter."

Concededly no mica was mined upon the premises, and, as we have seen, in April, 1908, this action was brought to recover the sum of $200 and interest from the 11th day of December, 1907; it being claimed that such amount became due at that time by the terms of said lease.

It is urged by the appellants that the action was prematurely brought, it being claimed that the $200 mentioned was the minimum amount of the monthly payments for the first year, beginning on December

12, 1907, after the first three months of said term had expired. In other words, it is claimed that the first year commenced to run on December 12th, the end of the first three months of said term. It seems to me that the second paragraph, to which I have called attention, determines the date on which the first payment shall become due, to wit, December 11, 1907, and provides for monthly payments of the royalties becoming due thereafter.

The learned trial court construed the lease to mean that the defendants were to pay the plaintiffs $200 on the 11th day of December, 1907, and if thereafter during that year they mined mica they would not be required to make payment of the 10 per cent. provided for in the lease until the $200 was exhausted; in other words, that the provision, "thereafter payments are to be made at the expiration of each and every month," refers to payments that may be due after the $200 paid on December 11th has been applied. I think the trial court was correct in its construction of the lease. The terms of the lease are not ambiguous. It says:

"The minimum price to be paid shall be not less than $200 for the first year, beginning three months from the date hereof."

It seems to me clear that that clause was inserted for the purpose of fixing the date of the first payment. This is further shown by the language of the last sentence of the paragraph, viz.:

"And the second parties further agree to make such first payment [clearly that has reference to the $200] on the 11th day of December, 1907, and the payments hereunder at the expiration of each and every month thereafter."

The defense interposed is purely technical, for concededly no mica was mined, and therefore the $200 became the rental for the first year. It seems to me clear that under the lease the second parties agreed to make such first payment of $200 on the 11th day of December, 1907; that, such sum not having been paid on that date, the plaintiffs were entitled to maintain an action to recover that amount, with interest; and I conclude that the lease was properly interpreted by the learned trial court.

The judgment should be affirmed, with costs.

ROBSON, J., concurs.